# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBEY HAIRSTON,

    Petitioner,

vs.

STOREY, *et al*,

    Respondents.

2: 10-cv-01669-GMN-PAL

**ORDER**

    This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also, Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

    A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner's allegations do not make such attacks. Rather, petitioner alleges violations of his civil rights by law enforcement officers in April of 2007, and does not challenge the fact or duration of his confinement. Thus, his claims are not appropriate for habeas corpus relief. Claims such as petitioner's are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983.

    In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

1  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a
2  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
3  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
4  (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's
5  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In
6  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
7  debatable among jurists of reason; that a court could resolve the issues differently; or that the
8  questions are adequate to deserve encouragement to proceed further.  *Id.*
9       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
10  2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the
11  order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice
12  of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has
13  considered the issues raised by petitioner, with respect to whether they satisfy the standard for
14  issuance of a certificate of appealability, and determines that none meet that standard.  The Court
15  will therefore deny petitioner a certificate of appealability.
16       **IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is
17  **DISMISSED** for failure to state a claim upon which relief can be granted without prejudice to
18  petitioner's right to file an appropriate civil rights action.  The Clerk shall enter judgment
19  accordingly.
20       **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.
21
22       DATED this 1st day of October, 2010.
23
24       _____
25       Gloria M. Navarro
     United States District Judge
26